AUGUSTINE-STALKER COMPANY, Appellee, v. J. A. BRACHA et al., Appellants.

TRIAL: Instructions—Inadequate Presentation of Issues.  When issue is joined both (1) on the terms of the contract alleged by the plaintiff and (2) on the defendant's plea of fraud, error necessarily results from instructing that the verdict must be for plaintiff *if defendant fails to establish his plea of fraud.*

Headnote 1:   4 C. J. p. 1050.

Headnote 1:   14 R. C. L. 727.

*Appeal from Linn District Court.—F. L. ANDERSON, Judge.*

APRIL 5, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to recover commission for the sale of real estate. From a judgment on the verdict of the jury in favor of the plaintiff defendants appeal.—*Reversed.*

*George C. Gorman,* for appellants.

*Grimm, Wheeler, Elliott & Shuttleworth,* for appellee.

ALBERT, J.—Mrs. Bracha was the owner of 297 acres of land in Benton County, Iowa, free of incumbrance. One Moody was the owner of a certain flat building in Kansas City, Missouri, subject to an outstanding mortgage of $21,000. Appellees were real estate agents in Cedar Rapids. They allege in their petition that they were employed by Bracha and his wife, appellants, to find a purchaser for their farm, at an agreed price of $800 for the services of the agents. They allege performance, and demand judgment for that amount. The case was dismissed on motion, as against Mrs. Bracha, and J. A. Bracha filed separate answer, in which he denied each and every allegation of appellees' petition, and further pleaded that the contract entered into between the Brachas and Moody was procured by false and fraudulent representations made by Moody and one of the members of appellees' company, and that he, a few days after signing said contract, rescinded the same; that the services rendered to him by appellees were of no value, and worthless; that appellees were guilty of bad faith; that appellees and Moody confederated and conspired together for the purpose of defrauding the Brachas out of their property; and that by reason thereof, there was a total failure of consideration. He asks that appellants' petition be dismissed.

Under the evidence introduced in the case, the appellees' testimony was that they were to receive $800 for finding a purchaser for this property. Their testimony tends to show that they did find such purchaser in the person of one Moody, above referred to; that Bracha entered into a contract with Moody for

the exchange of the farm for the Kansas City property; and that, therefore, they are entitled to recover this agreed price.

The testimony in behalf of Bracha, appellant, tends to show that the agreement was that, if the deal and exchange went through, and were fully consummated and completed, and the "papers and everything, and title of exchange," then the commission was to be $800.

It is apparent, therefore, from this brief statement of the record that there was a question as to whether the contract for commission was as claimed and alleged by appellees. The evidence was in dispute on this proposition, and, of course, if appellees are to recover herein, they must recover on the contract alleged by them. With the record in this state, the court in its instructions placed the burden of proof on appellant to establish that the contract of exchange was obtained from him by false and fraudulent representations alleged. This is the only instruction given which in any way refers to the burden of proof. It further told the jury that, if appellant failed to carry this burden, then the verdict should be in favor of appellees; thus wholly ignoring the first question in the case, as to whether the contract was as appellees alleged it to be. This was error, as the first question at the threshold of the case was whether or not the appellees had proven the contract sued on by them. In view of the fact that the terms of this contract were in dispute, the court should have told the jury that the burden of proof was on appellees to establish their contract as alleged, and that, if they failed so to do, then, of course, appellees could not recover. This phase of the case was wholly ignored in the instructions.—*Reversed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.